# H. B. LONG v. STATE.

No. A-9611.  Feb. 8, 1940.
(99 P. 2d 159.)

. A. W. Billings, of Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM.  This appeal is from the county court of Woodward county, wherein H. B. Long was convicted of the unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $150 and imprisonment in the county jail for 60 days.

The main contention on the part of the defendant is that the verdict and judgment are not supported by sufficient legal and competent evidence.

The evidence on the part of the state is in substance as follows:

G. W. Lyon testified that he lives one mile east of Woodward; that defendant, H. B. Long, rented a place in the back room of his home wherein to place a box

that was 12 feet long and three and one-half wide; that he did not know what was in the box; that was about a month and a half before the officers searched the place; that the evening the officers searched the place Mr. Long was out there before the officers came.

D. T. Gregory, undersheriff, testified that on the evening of the day alleged he was at defendant's filling station in Woodward, a car drove in, the defendant left, was gone about 20 minutes, and when he came back he handed a package over to this car, and the car drove away. Sheriff Nelson was at the Lyon place at that time, and they were both at the time observing the movements of the defendant Long.

Elmer A. Nelson, sheriff, testified that on the evening before the search, he saw the defendant H. B. Long at the Lyon place east of town, and in executing the search warrant he found a box at the Lyon place containing 96 half pints, 624 pints and eleven four-fifths quarts of whisky, which was in a box in a back room at the Lyon place.

On cross-examination he identified the search warrant with the return thereon.

Cleve Hayes testified that he was deputy sheriff and jailor, and was with the officers when they searched the Long Filling Station and found two one-half pints of whisky, and it was the same brand of whisky that they found at the Lyon place.

The defendant moved the court to exclude the evidence relative to the finding of the two half pints of liquor at the filling station, for the reason that the information does not include the two half pints in question, which objection was overruled.

The state rested and the defendant interposed a demurrer to the evidence on the ground "that the same wholly fails to prove the charge laid in the information, but on the other hand the evidence unqualifiedly shows that the liquor obtained by the search of the W. G. Lyon place was in his possession and not in the possession of defendant, H. B. Long," which motion was overruled and exception allowed.

Thereupon the defendant called Elmer A. Nelson, sheriff, and asked if in his return on the search warrant offered in evidence by the defendant, as his exhibit "A", the two one-half pints of whisky found at the defendant's filling station are not included in the charge laid in the information. Objection sustained.

Thereupon, the following profert of proof was made: "The defendant offers to prove by the witness, Nelson, that he would state that the liquor returned in the search of the W. G. Lyon's place is the identical whisky referred to in the information, sworn to by said witness, and said information does not include the two half pints found at the filling station of H. B. Long." Objection sustained.

The defendant did not testify as a witness in his own behalf.

Various errors are assigned and argued in the defendant's brief.

Upon a careful consideration of the record, our conclusion is that the technical questions raised by the errors assigned are without substantial merit; the information is sufficient; and the instructions given by the court fully and fairly cover the law of the case. The uncontradicted evidence on the part of the state is conclusive of the defendant's guilt. It is our opinion that on the undisputed

facts, and the law as we understand it, the defendant was rightfully and legally convicted. The letter and spirit of the law is that if the defendant has had a fair trial, and if this court is satisfied the verdict against the defendant was not reached by error, or as the result of passion or prejudice, the conviction should be affirmed.

Finding no substantial error in the record, the judgment of the lower court is affirmed.